IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHN ROD THOMAS, )<br>TDCJ #373600, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN OF THE ALLRED UNIT, )<br>        Defendant. ) | Civil No. 7:12-CV-101-O-BL |

### REPORT AND RECOMMENDATION

This is a civil rights action filed by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. *See* Complaint (Doc. No. 3). The Defendant is the Warden of the Allred Unit.[1] In support of his complaint, Plaintiff sets forth the following claims:

1. he is unlawfully confined in prison;

2. he has been denied proper medical care and his disabilities have been ignored;

3. he is not subject to prison authority, rules, or policies because the convicting court had no jurisdiction over him;

4. he has suffered unlawful retaliation because of his legal activities and for filing prison grievances;

5. he is being required to carry his property to the gym during "shakedowns" which is beyond his physical capability;

6. medical care personnel have committed perjury and forgery in response to his grievances and other communications, and;

---

[1] Plaintiff failed to name a Defendant in his original complaint. However, in his brief in support of the complaint, he has raised claims against the Warden of the Allred Unit. Therefore, the Warden has been listed as the Defendant.

       7.      two inmates were murdered by prison officials.

*See* Brief in Support of Complaint (Doc. No. 4). Plaintiff seeks compensatory damages in the amount of $12.5 million dollars and punitive damages in the amount of $25 million dollars. *Id.* at p. 2. He also asks for immediate release from prison and for criminal charges to be filed against those he accuses of murdering two inmates. *Id.* at pp. 13, 16, & 17.

On October 3, 2012, Plaintiff filed a notice to the Court in which he argues that he did not intend to file a civil rights action. Rather, he claims to have filed an "Emergency Petition for Redress of Grievances" for which he asserts there is no filing fee. Upon review of Plaintiff's complaint and brief, the Court finds that his claims relating to conditions of confinement fall under the purview of the Civil Rights Act, 42 U.S.C. § 1983, while his claims of unlawful confinement sound in habeas. In his notice, Plaintiff states that his conditions of confinement claims are now moot and that the only claim remaining is his emergency false imprisonment claim and request for habeas corpus relief.

Plaintiff's request for habeas relief should be reviewed by the Court as a claim potentially cognizable under 28 U.S.C. § 2254 and, assuming he is not procedurally barred from filing, Plaintiff should be afforded an opportunity to further develop this claim in the context of a habeas action. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) ("[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims."); *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (recognizing that review of the merits of *pro se* prisoners' claims are controlled by the essence of pleading rather than the label attached).

For the foregoing reasons, Plaintiff's habeas claims shall be severed from the instant civil rights action. The **Clerk of Court** is directed to open a new habeas action on behalf of Plaintiff. Copies of this order shall be docketed in the instant case and in the new habeas action. Copies of Plaintiff's complaint and brief in support shall be docketed in the new case as the original petition and brief.

Plaintiff has stated that his civil rights claims are now moot. For that reason it is recommended that Plaintiff's civil rights complaint be DISMISSED as MOOT.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 5th day of November, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE